



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 10, 1939

Hon. Wm. W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-122
Re: Whether deputy sheriff allowed to
serve and accept pay as bailiff to
to Grand Jury.

This Department acknowledges receipt of your
letter of January 12th wherein you request an opinion
as to whether or not, under Sec. 40, Article 16 of the
Constitution of Texas, it would be lawful for a deputy
sheriff who receives a very small salary from the county
to serve and accept pay for serving as a bailiff to the
Grand Jury.

The following provisions of the statutes apply
as to the appointment of bailiffs:

"Art. 367. Bailiffs appointed
The court may appoint one or more
bailiffs to attend upon the grand jury, and,
at the time of appointment, the following
oath shall be administered to each of them
by the court, or under its direction: 'You
solemnly swear that you will faithfully and
impartially perform all the duties of bailiff
of the grand jury, and that you will keep se-
cret the proceedings of the grand jury, so
help you God.'

"Art. 367b. Bailiffs appointed by Dis-
trict Attorney
The District Attorney may appoint
one or more bailiffs to attend upon the Grand
Jury and at the time of the appointment the

Court shall administer to each of them the
following oath: 'You solemnly swear that
you will faithfully and impartially perform
all the duties of bailiff of the Grand Jury,
and that you will keep secret the proceed-
ings of the Grand Jury, so help you God.'
Said bailiffs shall be paid the sum and in
the manner now provided by law."

The compensation payable to the bailiff is pro-
vided for in Article 1058, as amended by the Acts of
1935, 44th Legislature, ch. 192 and it will be noted
that this provision underwent several amendments prior
to the 44th Legislature.

Prior to the amendment by the Acts of 1925,
39th Legislature, said provisions in substantially the
same language were incorporated under Article 1161, Code
of Criminal Procedure, adopted 1911, with the possible
exception of expressly providing therein that the deputy
sheriff shall not receive pay as bailiff. The study of
former Article 1161 and subsequent amendments discloses
no mention of any compensation paid to the sheriff, his
deputies or constables.

In 1917, Hon. C. W. Taylor, former Assistant
Attorney General of Texas, wrote a conference opinion,
No. 1740, in which it was held that the duties of the
office of sheriff and his deputies, were incompatible
with those of the office of bailiff with the Grand Jury.
It was pointed out in said opinion that under the lan-
guage of said Articles 417 and 419 (substantially the
same as our present Articles 367 and 368, Code of Crimin-
al Procedure, 1925 revised) requiring each bailiff to
take the oath prescribed and obey instructions of the
foreman of the Grand Jury, the office of bailiff was
such, under the law, as would come within the provisions
of Article 16, Sec. 40 of the Constitution of Texas,
prohibiting a person from holding or exercising at the
same time more than one civil office of emolument, ex-
cept that of Justice of the Peace, County Commissioner,
Notary Public and Post Master and such military or re-
served officers named therein. The language used in the

various amendments subsequently would not prevent the application of this opinion to the present statutes applicable.

We, therefore, respectfully advise that it is the opinion of this Department that the deputy sheriff would not be authorized to serve and accept pay as bailiff to the Grand Jury.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS